IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DICKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-661-JPG |
| ) | |
| S.A. GODINEZ, MARC HODGES, ) | |
| DIRECTOR BATES, MR. WALKER, DR. ) | |
| FENOGLIO, NURSE BROOKS, NURSE ) | |
| DOWER, NURSE HARDY, LAWRENCE ) | |
| CORRECTIONAL CENTER ) | |
| ADMINISTRATION, LAWRENCE ) | |
| CORRECTIONAL CENTER, and ) | |
| LAWRENCE HEALTHCARE UNIT, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff, formerly an inmate at the Lawrence Correctional Center (now released), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants acted with deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment.

***Motion to Proceed In Forma Pauperis***

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2). At the time he filed his complaint, Plaintiff had been released from IDOC custody and was residing in Chicago. As such, Plaintiff does not meet the statutory definition of prisoner, for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."  Plaintiff has done so in the instant case.  But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983).  An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

*The Complaint*

Dickson claims that on January 9, 2012, he was working as a cook in the Lawrence kitchen.  Mr. Walker, the food supervisor, directed Dickson to slice turkey using a meat grinder/slicer machine.  Dickson informed Mr. Walker that he did not know how to operate the

2

machine, but Mr. Walker told Dickson, "don't worry, you'll catch on."  Dickson attempted to follow Mr. Walker's direction, but his hand slipped into the machine.  Dickson's middle finger was "mutilated from the tip to the first joint along with the nerve."  The tip and nail of his ring finger were also shredded.  Dickson was taken to the Lawrence Healthcare Unit.  He alleges that unnamed nurses showed deliberate indifference to his condition.  Dickson states that Defendant Fenoglio ordered a tetanus shot, but the nurses did not follow the order until approximately 30 hours later.  Dickson alleges generally that Dr. Fenoglio and unnamed nurses "did not notice, understand, nor treat Dickson fully, correctly or properly" (Doc. 1, p. 7).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action for deliberate indifference to his serious medical needs against Defendants **Walker** and **Fenoglio**.  Plaintiff names nine other defendants in the caption of the complaint, but he makes no specific allegations against any of them.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, Plaintiff may not maintain claims against Defendants Godinez, the Director of the Illinois Department of Corrections, Warden Marc Hodges, and Director Bates because "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Similarly, Plaintiff may not maintain claims against Lawrence Correctional Center, its administration, or its healthcare unit.

Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy.  *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  Plaintiff has made no such allegations.  Accordingly, Defendants Godinez, Hodges, Bates, Lawrence Correctional Center Administration, Lawrence Correctional Center (erroneously listed in the docket as Lawrence Community Unit School District #20), and Lawrence Health Care Unit, are **DISMISSED with prejudice** because Plaintiff did not state claims against them.

Finally, the Court notes that Plaintiff charged unnamed nurses with treating him with deliberate indifference.  In the caption of the complaint, Plaintiff names Nurses Brooks, Dower, and Hardy as defendants, but he states no specific claims against them.  If Plaintiff intended Defendants Brooks, Dower, and Hardy to be the unnamed nurses, he must specifically identify them as such in a properly-filed amended complaint.  The Court therefore **GRANTS** Plaintiff leave to file an amended complaint clarifying his factual claims against the nurses within thirty days of the filing of this order.  If at the end of thirty days Plaintiff has failed to file an amended complaint specifying the factual allegations against Defendants Brooks, Dower, and Hardy, the Clerk is **DIRECTED** to **DISMISS** them from the action.

Plaintiff's complaint survives review under § 1915(e)(2).  His sworn IFP motion establishes that he is indigent for purposes of IFP review.  Nothing indicates that his action is frivolous or malicious.  The named Defendants are state actors and are not immune from relief.  And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

*Pending Motions*

Accordingly, Plaintiff's motion (Doc. 2) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

Because Plaintiff has been granted leave to proceed *in forma pauperis*, his request for Service of Process at Government Expense (Doc. 4) is also **GRANTED**. Plaintiff's Motion to Appoint Counsel (Doc. 3) is **DENIED** without prejudice as premature. Plaintiff may again seek leave for appointment of counsel if he experiences difficulty conducting discovery.

*Disposition*

Defendants Godinez, Hodges, Bates, and the Lawrence Correctional Center, its administration, and healthcare unit are **DISMISSED** from the action with prejudice. Plaintiff is **GRANTED** thirty days in which to file an amended complaint raising specific factual claims against unnamed nurses. ***Although Defendants Brooks, Dower, and Hardy survive initial review, the Clerk shall not prepare requests for waiver of service of summons until the Plaintiff names them in a properly-filed amended complaint. If Plaintiff fails to identify them as the unnamed nurses, the Clerk shall DISMISS them at that time.*** The Clerk of Court shall prepare for **DEFENDANTS WALKER AND FENOGLIO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.   This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.   Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.   *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 17, 2012**

      *J. Phil Gilbert*
J. PHIL GILBERT
United States District Judge